IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-01729-WDM-KLM

JONATHAN MOORE,

    Plaintiff,

v.

COUNTRY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER OF REMAND

Miller, J.

This case is before me on the Notice of Removal (doc no 1) filed by Defendant Country Mutual Insurance Company ("Country"). Defendant removed this case to this Court on July 21, 2009 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In the notice, Defendant asserts that there is complete diversity of citizenship between the parties. Although Plaintiff's complaint does not allege a specified amount of damages, Defendant asserts in its Notice of Removal that the amount in controversy exceeds $75,000. However, because no facts or evidence are provided that would support this assertion, I cannot find that the requirements of diversity jurisdiction are met. Therefore, this case will be remanded for lack of jurisdiction.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not

dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original).

The Tenth Circuit has recently clarified the burden on and means by which a defendant seeking removal may establish the amount at issue in cases such as this. *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). In *McPhail*, the court has made clear that the preponderance of the evidence standard "applies to jurisdictional facts, not jurisdiction itself." *Id.* at 954. Therefore, the removing defendant must establish what the plaintiff stands to recover, which may be done by interrogatories or admissions in state court, by calculations from the complaint's allegations, by reference to the plaintiff's informal estimates or settlement demands, or by introducing evidence, in the form of affidavits from the defendant's employees or experts about how much it would cost to satisfy the plaintiff's demands. *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). If material factual allegations are contested, and the defendant establishes those facts by a preponderance of the evidence, dismissal is not merited unless it is "legally certain" that the recovery or cost of complying with the judgment will be less than the jurisdictional floor. *Id.* at 955 (quoting *Meridian*, 441 F.3d at 543).

This is an insurance dispute involving a claim for stolen property on a policy held with Defendant. Plaintiff's complaint provides no specifics about the amount of the loss nor the claim made. Therefore, I cannot determine from the face of the complaint the

amount in controversy.  Defendant relies on Plaintiffs' District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed pursuant to the Colorado Rules of Civil Procedure in the original state court action, to establish this element.  This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies.  One box permits a party to indicate that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages."  I decline to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction, particularly in light of the Tenth Circuit's clarification of this issue.  In light of the presumption against removal, and since no other facts or evidence are included in the Notice of Removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

    Accordingly, it is ordered:

    1.    This case shall be remanded to the District Court, County of Boulder, Colorado.

    DATED at Denver, Colorado, on July 23, 2009.

                            BY THE COURT:

                            s/ Walker D. Miller
                            United States Senior District Judge